UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| AGRIVAR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br><br>DARYL BASHAM,<br><br>Defendant. | 4:25-CR-04253-KES<br><br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

Defendant, Daryl Basham, moves to dismiss the complaint filed by plaintiff, AgriVaR, LLC, asserting that the complaint violates the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Docket 14; Docket 16. AgriVaR has responded, Docket 17, and Basham replied, Docket 18. The court issues the following order.

## I.    FACTUAL BACKGROUND

The court considers the following allegations taken from AgriVaR's complaint as true for the purpose of ruling on Basham's motion to dismiss.

AgriVaR, LLC, is a South Dakota Limited Liability Company with its principal place of business in Sioux Falls, South Dakota. Docket 1 ¶ 1. Basham is a resident of Texas. *Id.* ¶ 2. AgriVaR develops data-driven analytics for the agricultural industry and holds proprietary intellectual property. *Id.* ¶ 6. Basham served as AgriVaR's legal counsel for intellectual property matters from approximately August 2022 through March 2024. *Id.* ¶ 8. Mark Luecke,

acting as Managing Director and CEO of SDIP, was involved in coordinating AgriVaR's intellectual property strategy, and Basham also maintained a concurrent role with SDIP during the relevant period. *Id.* ¶¶ 7-8.

Basham was responsible for securing and maintaining AgriVaR's intellectual property portfolio, including securing patent, copyright, licensing, and trademark protections for the company's products and technology. *Id.* ¶¶ 9-10. AgriVaR's intellectual property strategy relied on layered and overlapping protections designed to preserve and enhance the company's commercial value. *Id.* ¶ 10. From 2022 through 2024, Luecke and Basham represented during company meetings that efforts were ongoing to secure and protect AgriVaR's intellectual property rights. *Id.* ¶ 11.

Basham filed initial nonprovisional patent applications on AgriVaR's behalf but later allowed multiple applications to lapse or be abandoned after failing to satisfy United States Patent and Trademark Office (USPTO) deadlines and fee requirements. *Id.* ¶ 12. The USPTO issued abandonment and related notices to Basham, but Basham did not provide AgriVaR with office actions, abandonment notices, deadline notices, or other updates concerning the status of the applications. *Id.* AgriVaR made repeated requests for updates regarding its patent applications, and Basham represented, either actively or by his silence, that the applications remained pending and in process, despite their abandonment. *Id.* ¶ 13.

Basham also caused certain patent applications to be filed in the name of SDIP, rather than AgriVaR, and did not inform AgriVaR of that designation. *Id.*

2

¶ 11. Basham similarly failed to obtain or maintain trademark protections as directed and represented that AgriVaR's intellectual property applications remained pending after they had been abandoned or otherwise ceased prosecution. *Id.* ¶¶ 14-15. Basham again failed to inform AgriVaR of any deadlines, office actions, or abandonment determinations and instead told AgriVaR that the applications remained pending. *Id.* ¶ 15. AgriVaR relied on representations regarding the status of its intellectual property in making business and investment decisions and did not learn of the failures in the patent process until September 2024. *Id.* ¶¶ 15-16.

On December 19, 2025, AgriVaR filed this federal action against Basham, asserting four claims: professional negligence, misrepresentation, breach of fiduciary duty, and a request for punitive damages. Docket 1 at 6-11.

Four months earlier, in August 2025, AgriVaR filed a lawsuit in South Dakota state court against SDIP, Luecke, and two other members of the company's board but did not mention the state lawsuit in the federal complaint.[1] Docket 16-1 at 2. AgriVaR asserts eight claims in the state-court complaint: breach of contract, breach of fiduciary duty, fraud and deceit, intentional and negligent misrepresentation, tortious interference with a business relationship, misappropriation of trade secrets, and two claims for

---

[1] Because Basham argues that the instant federal case violates *Colorado River*'s abstention doctrine, a discussion of the federal and state cases is required. Thus, the court will take judicial notice of AgriVaR's state-court action in determining whether to dismiss this case. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012); *see also* Docket 16-1 (state-court complaint).

declaratory judgment. *Id.* at 8-17. All the state-court claims are asserted against Luecke and SDIP except for one declaratory judgment claim, which is asserted against the other two members of the company board. *Id.*

Basham is not a defendant in the state-court action but is mentioned throughout the factual allegations asserted there. *Id.* at 4-6. The allegations asserted in the state-court complaint substantially overlap with, and in many respects mirror, the allegations asserted in the federal complaint. *Compare id.* at 2-8 (state-court complaint), *with* Docket 1 at 2-11 (federal complaint). In the interest of judicial economy and because the material factual allegations are largely duplicative, the court will not separately recount all of the facts alleged in the state-court complaint. The state-court complaint contains additional allegations concerning Luecke and SDIP's inability to produce intellectual-property documentation to AgriVaR after being directed to do so by company members. Docket 16-1 at 6. The state-court complaint also alleges that AgriVaR was required to retain new legal counsel to restart the patent process and that Luecke, SDIP, and other individuals later expressed an intent to dissociate from AgriVaR. *Id.* at 7.

After Basham filed a motion to dismiss in the federal action, Docket 14, AgriVaR responded, Docket 17, and Basham replied, Docket 18. The court addresses the parties' arguments below.

4

## II.    DISCUSSION

### A.    Legal Standards

#### 1.    Motion to dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " such that the court may draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading standard does not require detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In reviewing a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). The court, however, is not required to accept as true legal conclusions or conclusory allegations unsupported by factual enhancement. *Click v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

In resolving a motion to dismiss, the court may consider materials necessarily embraced by the pleadings, matters of public record, and materials subject to judicial notice without converting the motion into one for summary judgment. *See Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). Those materials may include publicly filed state-court

5

pleadings and records relevant to issues such as abstention, duplicative litigation, or the relationship between concurrent proceedings. *See id.*

### 2.   *Colorado River* Abstention

Federal courts generally have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, even where parallel state-court proceedings involve similar parties or issues. *Colorado River*, 424 U.S. at 817-19; *see Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). For that reason, the pendency of a parallel state-court action ordinarily does not bar proceedings in federal court. *Colorado River*, 424 U.S. at 817.

Exceptional circumstances may nevertheless justify dismissal or abstention in the interest of wise judicial administration and conservation of judicial resources. *Id.* at 818. In determining whether such circumstances exist, courts may consider factors including the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the competing forums. *Id.* In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, the Supreme Court identified two additional considerations relevant to the analysis: whether federal or state law controls the dispute and whether the state forum is adequate to protect the federal plaintiff's rights. 460 U.S. 1, 25-27 (1983).

No single factor is determinative, and the analysis requires a "carefully considered judgment" balancing the federal court's obligation to exercise jurisdiction against principles of sound judicial administration. *Colorado River*, 424 U.S. at 818-19. Because federal courts ordinarily must exercise the

jurisdiction given to them, "only the clearest of justifications" will support dismissal or abstention based on parallel state proceedings. *Id.* at 819.

The United States Court of Appeals for the Eighth Circuit further addressed *Colorado River* abstention in *Fru-Con Construction Corp. v. Controlled Air, Inc.*, 574 F.3d at 527. There, the Eighth Circuit explained that, as a threshold matter, *Colorado River* abstention applies only where parallel state and federal proceedings are pending. *Id.* at 535. Although the court acknowledged that Eighth Circuit precedent defining "parallel proceedings" was limited, it recognized the prevailing rule that proceedings are parallel "when substantially similar parties are litigating substantially similar issues in *both* state and federal court." *Id.*

The Court nevertheless emphasized that the Eighth Circuit requires a more exacting inquiry. *Id.* The Court held that the existence of state and federal actions involving the same general subject matter or overlapping facts is not, by itself, sufficient. *Id.* Instead, substantial similarity exists only where there "is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* The Court in *Fru-Con* explained that such an analysis focuses on the proceedings as they presently exist, not on how they might later be amended or expanded. *Id.* Consistent with the Supreme Court's instruction that abstention remains the exception, the Court concluded that federal courts must exercise jurisdiction whenever doubt exists as to whether the proceedings are truly parallel. *Id.*

Basham contends that AgriVaR improperly frames *Colorado River* abstention as the exclusive framework for addressing duplicative litigation between parallel state and federal proceedings and argues instead that the dispute is more properly analyzed under general principles prohibiting claim-splitting. Docket 18 at 3. He further argues that *Colorado River* is inapplicable because it involved a different procedural posture and does not control where, as here, AgriVaR has pursued related claims arising from the same underlying conduct in separate state and federal actions against different defendants. *Id.* Basham also maintains that AgriVaR identifies no controlling authority limiting a federal court exclusively to *Colorado River* abstention where a plaintiff pursues substantially overlapping state and federal claims arising under state law. *Id.* at 4.

Basham's contention is misplaced because it conflates two distinct doctrines. When a federal court is asked to defer to a concurrent state proceeding involving substantially similar parties and issues, *Colorado River* supplies the governing framework. *See Fru-Con*, 574 F.3d at 535. The *Colorado River* doctrine is not a general authorization to dismiss or stay duplicative litigation; it is a narrow exception to the federal courts' "virtually unflagging obligation" to exercise the jurisdiction conferred upon them. *Colorado River*, 424 U.S. at 817. As such, the relevant inquiry is not whether the overlap between the proceedings can be described in claim-splitting terms, but whether the stringent requirements for abstention are satisfied.

Basham's reliance on distinctions drawn from *Colorado River*'s procedural posture does not alter this conclusion. Whatever the factual context of *Colorado River* itself, the Supreme Court made clear that abstention in the face of concurrent state and federal proceedings is permissible only upon a threshold showing of parallel proceedings and only in "exceptional" circumstances. *Id.* at 818; *see Fru-Con*, 574 F.3d at 535. Because Basham seeks dismissal on the ground that the federal complaint "mirrors the same nucleus of operative facts, allegations, and parties involved in a state-court complaint," Docket 16 at 1, his request necessarily implicates the abstention framework governing whether a federal court may defer to a concurrent state proceeding, as instructed in *Colorado River*. *See Moses H. Cone*, 460 U.S. at 13 (applying the *Colorado River* framework to determine whether a federal action should be stayed in deference to related state-court proceedings).

**B.    Analysis**

Basham's arguments rely primarily on the federal claim-splitting doctrine, *see* Docket 16 at 5-14, which ordinarily applies to duplicative litigation involving concurrent federal proceedings with substantially overlapping claims or parties, *see, e.g.*, *Kezhaya v. City of Belle Plaine*, 78 F.4th 1045, 1050 (8th Cir. 2023). Basham argues that dismissal is warranted because the claims asserted in this federal action arise from the same underlying facts and substantially overlap with claims already asserted in the pending South Dakota state-court action. Docket 16 at 5. In support, Basham cites several federal claim-splitting decisions, including *Retsel Corp. v. NDN*

9

*Collective*, 2025 WL 1808904 (D.S.D. July 1, 2025), *Kezhaya*, 78 F.4th at 1045, *Ritchie Capital Management, LLC v. Jefferies*, 849 F. Supp. 2d 881, 889 (D. Minn. 2012), and *Sparkman Learning Center v. Arkansas Department of Human Services*, 775 F.3d 993 (8th Cir. 2014). *See id.* at 5-7.

AgriVaR responds that Basham's argument improperly relies on the doctrine governing duplicative federal litigation rather than concurrent state and federal proceedings. *See* Docket 17. In reply, Basham reframes his position under the *Colorado River* abstention doctrine and argues that the federal and state court actions are parallel proceedings arising from the same alleged misconduct concerning AgriVaR's intellectual property protections. Docket 18 at 1-2, 5-6. Basham maintains that the actions involve substantially overlapping facts, parties, and theories of liability, and that resolution of one action would substantially resolve the other. *Id.* at 2, 6. He further contends that, although AgriVaR characterizes the federal action as a malpractice case and the state action as, in part, a corporate-governance dispute, both proceedings ultimately rest on the same alleged failures to secure and protect AgriVaR's intellectual property interests. *Id.* at 6. According to Basham, the overlap between the claims, requested remedies, and factual allegations creates a substantial risk of duplicative and piecemeal litigation sufficient to support abstention under *Colorado River*. *Id.* at 6-7.

Here, *Colorado River* abstention is not appropriate because the federal and state proceedings are not sufficiently parallel under the standard articulated by the Eighth Circuit. Although the two actions arise from

substantially overlapping factual allegations concerning AgriVaR's intellectual-property protections and the handling of patent and trademark applications, overlap in subject matter alone is insufficient to justify abstention. *See Fru-Con,* 574 F.3d at 535.

Most significantly, Basham is not a party to the state-court action. The state-court case instead proceeds against Luecke, SDIP, and two additional board members not named in this federal action. While Basham argues that the parties' interests are aligned because both actions concern the same underlying conduct and may ultimately expose SDIP to liability, the Eighth Circuit has made clear that *Colorado River* requires more than overlapping factual allegations or related interests. *See id.* The relevant question is whether the state proceeding, as presently constituted, is substantially likely to fully dispose of the claims asserted in federal court. *Id.*; *see also Cottrell v. Duke,* 737 F.3d 1238, 1245 (8th Cir. 2013). That question is answered in the negative here.

Basham is not subject to liability in the state proceeding and no claim in that action would directly adjudicate whether Basham breached professional or fiduciary obligations owed to AgriVaR as its attorney. *See* Docket 16-1 at 6-11. Basham's contention that a judgment in the state-court action could effectively resolve issues presented here rests largely on the possibility of overlapping factual determinations or derivative liability involving SDIP. But *Fru-Con* instructs that the analysis must focus on the proceedings "as they currently

exist," not on speculative future developments or the possibility that factual findings in one case may bear on another. *Fru-Con,* 574 F.3d at 535.

Moreover, AgriVaR's federal-court complaint asserts claims directly against Basham for professional negligence, breach of fiduciary duty, and misrepresentation arising from Basham's role as AgriVaR's legal counsel responsible for prosecuting and maintaining the company's intellectual-property protections. Docket 1 at 6-11. In contrast, AgriVaR's state-court complaint asserts claims against Luecke and SDIP for declaratory relief, breach of contract, tortious interference, fraud-related claims, and misappropriation of trade secrets. Docket 16-1 at 8-17. Although Basham contends that both proceedings ultimately concern the same alleged failures to protect AgriVaR's intellectual property, the claims involve different defendants, different alleged duties, and different potential theories of liability. *See Cottrell,* 737 F.3d at 1245.

Because the state and federal proceedings are not sufficiently parallel, abstention under *Colorado River* is not appropriate.[2] *See Fru-Con Constr. Corp.,* 574 F.3d at 535-37.

---

[2] Even if the proceedings were sufficiently parallel to warrant further analysis under *Colorado River*, the remaining factors still would not present the "exceptional circumstances" necessary to justify abstention. *See Colorado River*, 424 U.S. at 818-19. Neither court has assumed jurisdiction over property, the federal forum is not inconvenient, and the risk of piecemeal litigation extends no further than the ordinary duplication that may arise when related proceedings involve overlapping facts. Although the state-court action was filed first, it preceded this action by only a few months, and the record does not indicate that the state proceedings have advanced so substantially as

**CONCLUSION**

Based on the foregoing, it is

ORDERED that defendant's motion to dismiss (Docket 14) is denied.

DATED May 26, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

to outweigh the federal court's "virtually unflagging obligation" to exercise jurisdiction. *Id.* at 817.